# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CITIZENS AGAINST SOLAR POLLUTION, a Delaware unincorporated nonprofit association, DONALD LEE GOLDSBOROUGH, TRUSTEE UNDER REVOCABLE TRUST AGREEMENT OF DONALD LEE GOLDSBOROUGH DATED 12/22/10, and KELLIE ELAINE GOLDSBOROUGH, TRUSTEE UNDER REVOCABLE TRUST AGREEMENT OF KELLIE ELAINE GOLDSBOROUGH DATED 12/22/10, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 2022-0287-NAC |
| KENT COUNTY, a political subdivision of the State of Delaware, KENT COUNTY LEVY COURT, the governing body of Kent County, FPS CEDAR CREEK SOLAR LLC, a Delaware limited liability company, and THE PINEY CEDAR TRUST, JAMES C. KNOTTS, JR., CHERYL A. KNOTTS, DE LAND HOLDINGS 1 LLC, a Delaware limited liability company, AMY PEOPLES, TRUSTEE OF THE PINEY CEDAR TRUST, and RICHARD A. PEOPLES, TRUSTEE OF THE PINEY CEDAR TRUST, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER DISMISSING COMPLAINT
## WITH LEAVE TO TRANSFER

WHEREAS:

1. The Kent County Levy Court granted a conditional use permit to FPS Cedar Creek Solar LLC ("Freepoint" and together with the Levy Court and the state, company, and individual defendants, "Defendants") to construct a "solar farm" near property owned by members of Plaintiff Citizens Against Solar Pollution (together, "Plaintiffs"). Plaintiffs allege that the Levy Court's decision rests on procedural errors and violates state law and county regulations. As relief, Plaintiffs seek (i) a declaratory judgment invalidating the Levy Court's decision; and (ii) a permanent injunction prohibiting the Levy Court from "relying" on its decision and Freepoint from constructing the solar farm. Dkt. 1 ¶¶ 73–85.

2. The parties cross moved for summary judgment. As one basis for summary judgment, Defendants argued that Plaintiffs lacked standing. Defendants' argument cited a case arising from a writ of certiorari proceeding, *Dover Historical Society v. City of Dover Planning Commission*, 838 A.2d 1103 (Del. 2003). Before addressing standing, the Delaware Supreme Court found it "well established that a writ of certiorari proceeding in the Superior Court is the appropriate cause of action for determining whether, on the face of the record, the [agency] exceeded its powers or failed to conform to the requirements of law." *Id.* at 1106. This passage seemed to implicate subject matter jurisdiction. But the parties had not discussed that issue. So I ordered supplemental briefing. *See* Dkt. 42.

2

3.      After they filed their supplemental briefs, the parties alerted me to *Delta Eta Corporation v. City of Newark*.[1]  Dkt. 53–55.  In *Delta Eta*, Vice Chancellor Zurn held that, unless the claimant demonstrates otherwise, a writ of certiorari provides an adequate remedy at law to redress harm caused by a quasi-judicial decision denying a conditional use permit.[2]  Vice Chancellor Zurn summarized and applied *Delta Eta*'s reasoning in *Middlecap Associates, LLC v. Town of Middletown*:

> Petitioner . . . [seeks] a declaratory judgment and injunction to remedy what Petitioner alleges was . . . [a] legally erroneous denial of a conditional use permit . . . . Petitioner also alleges procedural defects [in the decision] . . . .
>
> [*Delta Eta*] . . . explain[s] that this Court lacks subject matter jurisdiction over cases like this one . . . . This type of claim is a legal claim based on statutory rights, but without a specific grant of statutory jurisdiction. To secure this Court's jurisdiction, the claim must require equitable relief due to the absence of an adequate remedy at law. *Delta Eta* explains that this Court will lack jurisdiction where a plaintiff fails to plead an injunction is needed to prevent future harm, or is otherwise necessary to enforce a declaratory judgment as against governmental actors, who our law presumes will comply with any declaratory judgment. It also explains that where a writ of certiorari is available, the plaintiff bears the burden of establishing that writ cannot afford an adequate remedy at law . . . .
>
> *Delta Eta* appl[ies] with equal force to this matter. The denial of Petitioner's conditional use permit was a quasi-judicial act . . . . For the reasons stated in *Delta Eta,* a writ of certiorari is or was available to Petitioner . . . and capable of affording an adequate remedy at law. Accordingly, this Court lacks subject matter jurisdiction over Petitioner's claims.

2023 WL 1815798, at *1–2 (Del. Ch. Feb. 2, 2023) (citation omitted).

---

[1] C.A. No. 2021-1106 (Del. Ch. Feb. 2, 2023) (Dkt. 45) ("*Delta Eta*").

[2] Although *Delta Eta* involved a "special use permit," the terms "special use permit" and "conditional use permit" are generally used synonymously.  *See id.* at 2 n.1.

4. The parties dispute whether *Delta Eta* requires dismissal. That question is now ripe for decision.

NOW, THEREFORE, the Court having carefully considered the parties' arguments, IT IS HEREBY ORDERED, this 24th day of February 2023, as follows:

1. "The Court of Chancery is proudly a court of limited jurisdiction." *Perlman v. Vox Media, Inc.*, 2019 WL 2647520, at \*4 (Del. Ch. June 27, 2019). Where, as here, a plaintiff seeks to ground jurisdiction solely on a request for equitable relief, the plaintiff must demonstrate that it has "no adequate remedy at law[.]" *Kraft v. WisdomTree Invs., Inc.*, 145 A.3d 969, 973 (Del. Ch. 2016). "If a realistic evaluation [of the complaint] leads to the conclusion that an adequate legal remedy is available[,] this court . . . will not accept jurisdiction over the matter." *McMahon v. New Castle Assocs.*, 532 A.2d 601, 603 (Del. Ch. 1987) (Allen, C.).

2. Based on a realistic evaluation of their complaint, Plaintiffs seek reversal of the Levy Court's quasi-judicial decision granting Freepoint a conditional use permit. As explained in *Delta Eta*, a writ of certiorari would adequately achieve that objective. Accordingly, I lack jurisdiction over Plaintiffs' claims.

3. To resist this result, Plaintiffs try to distinguish *Delta Eta* on two grounds.[3] Neither is persuasive.

---

[3] Plaintiffs also have argued that *Delta Eta* misapplied controlling law. Plaintiffs' counsel represents the plaintiff in *Delta Eta* and moved to reargue the decision. *See* C.A. No. 2021-1106 (Del. Ch. Feb. 3, 2023) (Dkt. 48). Quite notably, however, counsel did not contend

4. First, Plaintiffs contend that *Delta Eta* is inapposite because *Delta Eta* considered "a mandatory injunction, not a prohibitory injunction." Dkt. 55 at 1. That is incorrect.[4] It also does not matter. Whether mandatory or "prohibitory," a permanent injunction is a final remedy. So "what matters is whether there is a basis for equity to act, namely the absence of an adequate remedy at law." *In re COVID-Related Restrictions on Religious Servs.*, 285 A.3d 1205, 1230 (Del. Ch. 2022) (dismissing complaint that sought to ground equitable jurisdiction on a request for a prohibitive injunction).[5] As *Delta Eta* explained, persons in Plaintiffs' situation do have an adequate remedy at law: a writ of certiorari.[6]

---

that *Delta Eta* misapplied controlling law. *See id.* (seeking clarification as to whether the decision granted dismissal with or without prejudice). I reject any attempt here to assert through the backdoor of an unsolicited letter a second motion to reargue a decision of a different judicial officer in a separate case that happens to involve the same counsel.

[4] *See Delta Eta* at 11 ("Count I requests *a permanent injunction to 'prohibit the City and Mayor & Council from relying on* the Special Use Denial based upon its invalidity as a matter of law[.]'" (emphasis added) (quoting Am. Compl. ¶ 60)). Indeed, Plaintiffs use the same language here. *See* Dkt. 1 ¶ 80.

[5] *See also COVID-Related Restrictions*, 285 A.3d at 1226 n.4 (explaining that mandatory and prohibitive injunctions are two types of the same final relief and that their difference lies in their respective evidentiary burdens, rather than in their jurisdictional effects).

[6] *Delta Eta* also addressed Plaintiffs' attempts to generate jurisdiction by combining a request for injunctive relief with a request for declaratory relief. As many decisions hold, and *Delta Eta* reiterates, a party cannot bootstrap a request for prospective injunctive relief into an independent basis for equitable jurisdiction by speculatively claiming that, without an injunction, a government actor will disobey a declaratory judgment issued by a court of law. *See, e.g.*, *United Servs. Auto. Ass'n v. Lions Share Tr.*, 2023 WL 2145418, at *2 (Del. Ch. Feb. 21, 2023); *Mennella v. Albence*, 2023 WL 309042, at *2 (Del. Ch. Jan. 19, 2023); *COVID-Related Restrictions*, 285 A.3d at 1233; *Birney v. Del. Dep't of Safety & Homeland Sec.*, 2022 WL 16955159, at *2 (Del. Ch. Nov. 16, 2022); *Crown Castle Fiber LLC v. City of Wilm.*, 2021 WL 2838425, at *5 (Del. Ch. July 8, 2021).

5.      Second, Plaintiffs suggest that a writ of certiorari proceeding would be inadequate because it would not afford them the temporary injunctive relief they have obtained here. *See* Dkt. 12 (Order Granting Status Quo Order). This argument was not raised in *Delta Eta*. Still, one venerable treatise teaches that the commencement of a writ of certiorari proceeding operates to stay implementation of the decision under review. *See* 1 Victor B. Woolley, *Practice in Civil Actions and Proceedings in the Law Courts in the State of Delaware* § 911, at 635–36 (1906). Defendants agree. *See* Dkt. 48 at 2–4 (discussing rule). Plus, Freepoint avers that it would "def[y] logic" to think it would begin construction while its permit hangs in the balance. *Id.* at 4 n.6.[7] So I am satisfied that the writ remains adequate here.

6.      In sum, Plaintiffs have an adequate remedy at law. So I lack jurisdiction over their claims. Accordingly, I DISMISS the complaint WITHOUT PREJUDICE to Plaintiffs' right to transfer this action to the Superior Court. *See* 10 *Del. C.* § 1902. In recognition of Plaintiffs' concerns regarding interim injunctive relief, the status quo order entered in this action will remain in effect until the earlier of Plaintiffs' election to transfer and 60 days from the date of this Order.

*/s/ Nathan A. Cook*

Vice Chancellor Nathan A. Cook

---

[7] Freepoint joined the Levy Court's brief, which makes this point. *See* Dkt. 51. In my view, Freepoint's position may have judicial estoppel effect in a follow-on certiorari proceeding, with all that entails. *See Motorola Inc. v. Amkor Tech., Inc.*, 958 A.2d 852, 859–60 (Del. 2008).